[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
This is an action by one law firm ("Rubenstein") against Evelyn Rivera and another law firm ("Cella") alleging that on May 17, 1997 a former client of plaintiff, defendant Rivera, engaged the defendant law firm to represent her in a claim arising out of an incident in which Rivera's daughter was left alone on a school bus on October 4, 1994. The amended three count complaint essentially alleges in Count One that defendant law firm committed fraud because it "intentionally took the underlying case away from the plaintiff so as to lose it as quickly as possible" to prevent it from being an obstacle in the Rivera malpractice case against the plaintiff law firm.
Count Two alleges negligence arising out of the same basic allegations and Count Three alleges a CUTPA violation.
Defendant law firm moves to strike all three counts as they apply to it on the ground that there are insufficient allegations of fraud and that it owed no duty of care to the plaintiff.
 -I-
Plaintiff has not, in its Count One alleged sufficient facts to state a maintainable action for fraud the elements of which have been described by our Supreme Court. See Weisman, Trustee v. Kasper, 233 Conn. 531, 539
(1995). The thrust of this count, as pleaded, does not center on the taking away of Rivera as a client, but of defendant law firm purposely mishandling the underlying action so as to lay the foundation for a successful malpractice action against plaintiff. Indeed, the plaintiff admits that Rivera hired the defendant to represent her. As to the "mishandling" claim there is a failure to allege facts tending to show any false representation known to be untrue or an inducing of plaintiff to act upon it to its injury. See Maturo v. Gerard 196 Conn. 584, 587
(1985).
 -II-
As to counts two and three, the rule in Connecticut is that except in unique circumstances an attorney is not liable to persons other than his CT Page 3918 client for acts of negligence. Krawczyk v. Stingle 208 Conn. 239, 244
(1988). No duty running from defendant to plaintiff has been claimed or validated. As to Count Three the plaintiff does not have the requisite relationship with defendant on which to base a CUTPA claim, and our Supreme Court has held that CUTPA does not apply to a claim brought by an opposing party based on acts of an attorney in representing his client.Jackson v. R. G. Whipple, Inc. 225 Conn. 729 (1993).
Motion to strike granted.
Wagner, J., TJR